IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO NICHOLAS HOLGUIN,

    Plaintiff,

v.                                                            Civ. No. 21-0954 KG-CG

SANTA FE STATE PENITENTIARY, *et al*,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court following Plaintiff's failure to prosecute this action. Plaintiff is incarcerated and proceeding *pro se*. He initiated this case on September 29, 2021 by filing a Prisoner Civil Rights Complaint. (Doc. 1). Plaintiff filed an *in forma pauperis* motion on the same day. (Doc. 2). However, the motion does not provide financial information, nor did Plaintiff submit an inmate account statement. Section 1915 of Title 28 requires a "statement of all assets [a] prisoner possesses" to show he is "unable to pay … [filing] fees." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner must also provide an account statement "for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). By an Order entered December 13, 2021, the Court directed Plaintiff to cure the deficiency. (Doc. 3). The Order warned that the failure to timely comply would result in dismissal without further notice.

Plaintiff failed to submit a financial statement by the January 12, 2022 deadline or otherwise respond to the Order. Hence, the Court will dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (Rule 41 permits dismissal for "failure to prosecute [and] comply with the … court's orders");

*Salazar v. Arapahoe Cty. Det. Facility,* 787 Fed. App'x 542, 543 (10th Cir. 2019) (affirming dismissal where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.,* 288 Fed. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing action … based upon [plaintiff's] failure to … submit … account statement"). The Court will also deny as moot Plaintiff's pending Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2).

IT IS ORDERED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is denied as moot.
2. Plaintiff's Prisoner Civil Rights Complaint (Doc. 1) is dismissed without prejudice.
3. The Court will enter a separate judgment closing this civil case.

_____
UNITED STATES DISTRICT JUDGE